UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PORT ARTHUR PIPELINE, LLC | CIVIL ACTION NO. |
| v. | SECTION |
| 3.79 Acres of Land, More or Less, in Calcasieu Parish, Louisiana and Stacy Lynn Hill Helms | JUDGE |
| | MAGISTRATE |

**COMPLAINT FOR CONDEMNATION OF PIPELINE
RIGHT-OF-WAY AND SERVITUDE AND SURFACE SERVITUDE**

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, Port Arthur Pipeline, LLC, (Port Arthur Pipeline) for its Complaint for Condemnation of Pipeline Right-of-Way and Servitude and/or Surface Servitude against defendant Stacy Lynn Hill Helms ("Landowner"), record owner of certain immovable property in Calcasieu Parish, Louisiana, respectfully represents as follows:

**PARTIES:**

1.

Port Arthur Pipeline, LLC is a limited liability companies duly organized and existing under the laws of the State of Delaware, with its principal place of business in California.

2.

Made defendant herein is Stacy Lynn Hill Helms, a Louisiana citizen domiciled in Calcasieu Parish.

4874-5280-0387 v1

## JURISDICTION AND VENUE

3.

Port Arthur Pipeline is in the business of transporting natural gas in interstate commerce for the purpose of supplying the public with natural gas, and is therefore a natural gas company as defined in the Natural Gas Act, 15 U.S.C. §§ 717 *et seq.* (the "NGA").

4.

Port Arthur Pipeline is the holder of a Certificate of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission ("FERC") pursuant to the NGA, 15 U.S.C. §§ 717, *et seq.*, Docket No. CP18-7-000, CP17-21-000, & CP17-21-001., to construct and operate two non-integrated pipelines: the Louisiana Connector Project and the Texas Connector Project. The Louisiana Connector Project would consist of a new, approximately 130.9-mile, 42-inch diameter lateral to the Port Arthur LNG liquified natural gas ("LNG") terminal ("Liquefaction Project") located in Cameron Parish, Louisiana, as well as a new compression station and appurtenant facilities, including a pig launcher and receiver facilities located at Mile Post ("MP") 0, 63.4, 96.2, and 130.9. The compressor station, 89,900 horsepower (hp) would consist of four gas-driven turbines rated at 22,475 hp each located at MP 96.2 in Allen Parish, Louisiana. The Texas Connector Project would consist of a new, approximately 34.2-mile, 42-inch lateral. The 7.6 mile-long southern segment would extend from the Liquefaction Project to the facilities of the Natural Gas Pipeline Company of America and Kinder Morgan Louisiana Pipeline Company in Cameron Parish. The 26.6-mile-long northern segment would extend from the Liquefaction Project north to interconnections with the facilities of Houston Pipeline Company, Texas Eastern Transmission, and Florida Gas Transmission Company, and underground storage facilities in Jefferson County, Texas. It would also consist of two new compressor stations, one for the northern

and southern segments, and appurtenant facilities. The northern compressor station, 52,052 horsepower ("hp") total would consist of three natural-gas driven turbine compressors rated 16, 684 hp each; the southern compressor station, 15,000 hp total, would consist of three electric-driven centrifugal compressors rated at 5,000 hp each.

5.

This is an action by Port Arthur Pipeline, pursuant to the Section 7 of the NGA, 15 U.S.C § 717f(h), for the condemnation of a natural gas pipeline right-of-way and servitude, (and/or surface servitude) affecting immovable property owned by Landowner in Calcasieu and Beauregard Parishes, Louisiana.

6.

Port Arthur Pipeline has the right of eminent domain under 15 U.S.C §717(f)(h) because it is the holder of a FERC Certificate of Public Conveyance and Necessity, and it cannot acquire by contract, or is unable to agree with Landowner as to the compensation to be paid for the necessary pipeline right-of-way and servitude (and/or surface servitude) to construct, operate and maintain the Louisiana Connector Project and Texas Connector Project and/or the above-described related facilities.

7.

This court has subject matter jurisdiction over this dispute by virtue of the NGA, specifically 15 U.S.C. §717(f)(h), because the amount claimed by Landowner for the property rights sought by Port Arthur Pipeline exceeds Three Thousand Dollars ($3,000.00). Thus, thus this court has original jurisdiction pursuant to 28 USC 1331 as it is a civil action arising under the laws of the United States.

8.

Venue is proper in this judicial district under 28 U.S.C § 1391(b)(2) because this is the judicial district in which the immovable property that is the subject of this condemnation action is situated.

## THE LOUISIANA CONNECTOR PROJECT

9.

Port Arthur Pipeline is planning to construct and operate the Louisiana Connector Project, the proposed facilities include:

(1) An approximately 130.9-mile, 42-inch diameter pipeline extending from the Liquefaction Project north to interconnections with the facilities of Centana Intrastate Pipeline, LP, Texas Eastern Transmission, LP, Tennessee Gas Pipeline Company, LLC, Market Hub Partners Holding, LLC, Pine Prairie Energy Center, LLC, Texas Gas Transmission, LLC, ANR Pipeline Company; and Columbia Gulf Transmission, LLC, all Evangeline, Allen, Beauregard, Calcasieu, and Cameron Parishes, Louisiana ("Lateral")

(2) A new compressor station in Allen Parish, Louisiana, consisting of four 22,475 hp gas turbine driven compression units ("Station").

(3) Related appurtenant underground and aboveground facilities.

## THE TEXAS CONNECTOR PROJECT

10.

Port Arthur Pipeline is planning to construct and operate the Texas Connector Project, the proposed facilities include:

(1) An approximately 34.2-mile, 42-inch diameter pipeline, with the 7.6-mile-long southern segment extending from the Liquefaction Project south to interconnections with the facilities of the Natural Gas Pipeline Company of America and Kinder Morgan Louisiana Pipeline Company in Cameron Parish; and the 26.6-mile-long northern segment extending from the Liquefaction Project north to interconnections with the facilities of Houston Pipeline Company, Texas Eastern

    Transmission, and Florida Gas Transmission Company, as well as underground storage facilities in Jefferson County, Texas.

(2) Two new compressor stations, one for the northern and southern segments. The northern compressor station, 52,052 hp total, would consist of three natural gas-driven turbine compressors rated at 16,684 each; the southern compressor station, 15,000 hp total, would consist of three electric-driven centrifugal compressors rated at 5,000 hp each; and

(3) Related appurtenant underground and aboveground facilities.

## PORT ARTHUR PIPELINE IS AUTHORIZED BY FERC TO CONSTRUCT AND OPERATE THE PROJECTS

11.

The construction and operation of the Louisiana Connector Project and the Texas Connector Project is for a public purpose and serves the public purpose and necessity.

12.

Under the Natural Gas Act, FERC is responsible for determining whether any proposed natural gas pipeline projects are in the public convenience and necessity and for authorizing and approving the location, construction, and extension of any such pipeline projects. Pursuant to an Order dated April 18, 2019, in FERC Docket No. CP18-7-000, CP17-21-000, and CP17-21-001, FERC issued a certificate of public convenience and necessity authorizing Port Arthur Pipeline to construct and operate the Louisiana Connector Project and the Texas Connector Project, as described and conditioned therein and as more fully described in Port Arthur Pipeline's application to the FERC for the certificate of public convenience and necessity.

13.

FERC has found that the Project will serve the public purpose and convenience for the following nonexclusive reasons:

(1)  The Project will enable Port Arthur Pipeline to provide 4,000,000 British Thermal Units per day ("MMBtu") of natural gas to serve as feed gas for the Liquefaction project;

(2) The Project will not require subsidization from existing shippers;

(3) Port Arthur Pipeline has eliminated or minimized potential adverse effect on relevant interests. The Project will not degrade service to, and will have no adverse impact on, Port Arthur Pipeline's existing customers and will have no adverse impact on other pipelines in the region serving the market or their captive customers. Port Arthur Pipeline has designed the Project to minimize adverse impacts on landowners and surrounding communities;

(4) The public benefits of the Project outweigh any potential adverse effects;

(5) Based on the benefits the project will provide and the minimal adverse impacts on existing shippers, other pipelines and their captive customers, landowners, and surrounding communities; and consistent with FERC's Certificate Policy Statement (*Certification of New Interstate Natural Gas Pipeline Facilities*, 88 FERC ¶ 61, 227 (1999), *clarified*, 90 FERC ¶ 61, 128 (2000), *further clarified*, 92 FERC ¶ (2000)), and with section 7(c) of the NGA, the public convenience and necessity requires approval of Port Arthur Pipeline's proposal, subject to conditions set forth in the FERC's Order issuing the certificate of public convenience and necessity. *See Port Arthur LNG, LLC, et al*. 67 FERC ¶ 61,052 (April 18, 2019) Docket Nos. CP18-7-000,  CP17-21-000, and CP17-21-001 (Order Granting Authorizations Under Secs. 3 and 7 of the Natural Gas Act).

14.

Upon Completion, the Project will be under the regulatory powers of FERC.

## THE PIPELINE RIGHT-OF-WAY AND SERVITUDE AND SURFACE SERVITUDE

15.

In furtherance of the authority granted by FERC and in order to construct, operate, and maintain the Project in a manner conducive to the public interest, convenience and safety, Port Arthur Pipeline needs to acquire a pipeline right-of-way and servitude (and/or surface servitude) from the affected property interest owners along the route of the Project. In this case, Landowner is an affected property interest owner.

16.

Port Arthur Pipeline has surveyed and selected the location and route for the Project and the required pipeline right-of-way and servitude, temporary work space servitudes and surface servitude for the use of an existing road in accordance with sound engineering principles and practices adopted in the interest of the safety and convenience of the parties.

17.

Port Arthur Pipeline has been unable through negotiations to obtain contracts from Landowner for the pipeline right-of-way and servitude and surface servitudes necessary to construct, operate, and maintain the Project across the immovable property owned by Landowner, or to agree with the Landowner as to the compensation to be paid for the property rights sought.

**PORT ARTHUR PIPELINE IS ENTITLED TO
EXERCISE THE RIGHT OF EMINENT DOMAIN**

18.

The Project and the required Right-of-Way and Servitude (and/or surface servitude) are reasonably located on, or routed to cross, the properties at issue, which are hereinafter referred to as the "Property" and are defined below, including information regarding (a) ownership; (b) description and associated tax parcel(s) for larger property from which the tract to be expropriated is derived; (c) specific tract to be expropriated, including exhibit and acreage.

- OWNERSHIP
    - Stacy Lynn Hill Helms
- Property from which tract to be expropriated:
    - Approximately 52.48 Acre tract in Section 28, Township 10 South, Range 10 West, Calcasieu Parish

7

- o Calcasieu Parish Tax Parcel: 00132950
- Specific tract to be appropriated, as depicted on Exhibit A:
  - o CAL-166
- Comprising total acreage of 1.54 acres for permanent easement, 1.54 acres for temporary workspace, and an additional temporary workspace of 0.71 acres as noted on Exhibit A.

19.

In furtherance of the authority granted by FERC and in order to construct, operate, and maintain the project in a manner conducive to the public interest, convenience and necessity, Port Arthur Pipeline needs to acquire a pipeline right-of-way and servitude (and/or surface servitude) affecting the Property for the purpose of laying, constructing, maintaining, operating, repairing, altering, replacing, changing the size of, and removing a pipeline (with valves, regulators, meters, fittings, appliances, headers, tie-overs, fences, markers and appurtenant facilities) for the transportation of natural gas through a pipeline, under, upon, over, through and across the Property, as set forth in the exemplary Servitude and Right of Way Agreement attached hereto as **Exhibit B.**

20.

The property rights sought and the terms and provisions of the pipeline right-of-way and servitudes and surface servitudes are set forth in detail in **Exhibit B** to this complaint.

21.

Port Arthur Pipeline negotiated with Landowner in an attempt to amicably purchase the property rights necessary to construct, operate, and maintain the Project, but has been unable to acquire the necessary property rights by contract, or to agree with Landowner as to the compensation to be paid for such property rights. Port Arthur Pipeline has caused to be made a

final offer for at least the true fair market value of the property interests sought to be acquired from Landowner before instituting this condemnation action, but Landowner has rejected that offer.

22.

Therefore, it is necessary for Port Arthur Pipeline to exercise its right of eminent domain under the NGA.

23.

Based upon the foregoing, and pursuant to the power granted it by the NGA and the above referenced certificate of public convenience and necessity issued by FERC, Port Arthur Pipeline is entitled to acquire through condemnation the pipeline right-of-way and servitude (and surface servitude) affecting the Property as described in detail in Paragraph 18 above, and as set forth in Exhibits A, under the terms and conditions set forth in the exemplary servitude and right-of-way agreement attached as Exhibit B, subject and subservient to any pre-existing, recorded mineral leases, mineral servitudes, or other mineral rights.

### Rule 71.1(D) NOTICE

24.

Pursuant to Rule 71.1(d) of the Federal Rules of Civil Procedure, the request notice to Landowner is submitted herewith to the Clerk of Court.

**WHEREFORE**, Port Arthur Pipeline, LLC prays:

(1) That the notice submitted herewith pursuant to Rule 71.1(d) be deemed good and sufficient;

(2) That said notice be served on defendants in a manner afforded by Federal Rule of Civil Procedure 71.1(d)(3);

(3) That its right to condemn the pipeline right-of-way and servitude and/or surface servitude on the tract as defined in Paragraph 18 of the foregoing Complaint, be recognized and granted;

(4) That this Court thereafter determine the just compensation to be paid by Port Arthur Pipeline, LLC for the pipeline right of way and servitude surface servitude;

(5) That this Court enter judgment, providing that upon deposit into the registry of the Court by Port Arthur Pipeline, LLC of the amount of just compensation determined by the Court, ownership and title of the pipeline right-of-way and servitude and/or surface servitude on the Property shall vest in Port Arthur Pipeline, LLC free and clear of all liens and encumbrances and other charges of whatsoever nature; and

(6) For the issuance of all necessary orders and decrees, for an award of costs in favor of Port Arthur Pipeline, LLC and for all other general, equitable and legal relief allowed by law and which this Court deems appropriate.

Dated: 10/2/23

Respectfully submitted:

/s/Richard D. McConnell, Jr.
Richard D. McConnell, Jr. (#29973)
Richard.mcconnell@keanmiller.com
Alan J. Berteau (#17915)
Alan.berteau@keanmiller.com
**KEAN MILLER LLP**
400 Convention Street, Suite 700
P. O. Box 3513 (70821-3513)
Baton Rouge, LA 70802
(225) 387-0999

AND

Amanda Deto-Sloan (#38190)
amanda.deto-sloan@keanmiller.com
**KEAN MILLER LLP**
909 Poydras Street, Suite 3600
New Orleans, LA 70112
(504) 585-3050

**Attorneys for Port Arthur Pipeline, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been electronically filed with the Clerk of Court using the CM/ECF system this 2nd day of October, 2023.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system and/or U.S. Mail.

/s/ Richard D. McConnell, Jr.
Alan Berteau

4874-5280-0387 v1